UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-3-F

| WAKE COUNTY HUMAN SERVICES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WILLIAM SCOTT DAVIS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the Memorandum and Recommendation [DE-20] ("M&R") issued by United States Magistrate Judge James E. Gates. Therein, Judge Gates recommends that this action be remanded to the Wake County District Court pursuant to 28 U.S.C. § 1447(c), and that pending motions in this action be dismissed as moot. For the reasons stated below, the court accepts the recommendation set forth in the M&R, and ORDERS that this case be remanded to the Wake County District Court, and that all pending motions are denied as moot.

## I. BACKGROUND

This action was opened in this court on July 5, 2012, when Defendant filed a Notice of Removal [DE-1] of a child support action (Case No. 08CV10411018) filed against him by Wake County Human Services ("WCHS") in January 2008 in the North Carolina General Court of Justice, District Court Division, Wake County (hereinafter, "Wake County District Court"). As detailed in the M&R, Defendant has filed numerous motions in this action, and WCHS has filed one. *See* M&R [DE-20] p. 1 n.2.

In the Order and M&R [DE-20] filed on January 13, 2014, Judge Gates allowed Defendant's Motion for Leave to Proceed in forma pauperis [DE-18], but recommended, after conducting a

frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), that this action be remanded to state court. Judge Gates recounted Davis' history of frivolous and vexatious filings in this court, the District Court for the Eastern District of Virginia, and the courts of the State of North Carolina, and opined that the current action could be subject to dismissal as malicious. M&R [DE-20] pp. 2-5, 7. Judge Gates did not reach the issue, however, instead recommending that this action be remanded because the court lacks subject matter jurisdiction over this case. *Id.* p. 7.

Specifically, Judge Gates observed that "[a] requirement for removal of a case from state court is that the federal district court have original jurisdiction over the case," and that "[a] case that is improperly removed is subject to remand to the state court from which it came." *Id.* p. 7 (citing 28 U.S.C. § 1441(a) and § 1447(c)). Judge Gates then found that the application of the domestic relations abstention doctrine, *see Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980), precludes this court from having subject matter jurisdiction over this action–an action concerning child support. M&R [DE-13] pp. 7-8.

The filing of the M&R set off a flurry of activity by Defendant, consistent with his history of vexatious filing in this court and others. The various motions and documents filed by Defendant include: (1) motion to change venue and motion to amend removal notice [DE-22]; (2) motion for change of venue [DE-23]; (3) three notices of appeal to the undersigned [DE-24, DE-26; DE-27]; (4) a motion for relief pursuant to Rule 58 [DE-28]; (5) a motion for relief pursuant to Rule 59 [DE-29]; (6) an objection to the M&R [DE-30]; (7) a motion for recusal as to Judge Gates [DE-32], and (8) another objection to the M&R [DE-33]. Defendant also has filed notices of appeal directed to the Fourth Circuit Court of Appeals [DE-31; 34; 35].

2

## II. JURISDICTION TO CONSIDER M&R AND PENDING MOTIONS

Before reaching the M&R and the various pending motions, the court first addresses the impact, if any, of Defendant's filing of notices of appeal directed to the Fourth Circuit. Generally, the filing of a notice of appeal "confers jurisdiction on the courts of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (citation omitted). There are exceptions to this general rule, however, and it is well-settled that a "district court does not lose jurisdiction when the litigant takes an appeal from an unappealable order." *United States v. Jones*, 367 F. App'x. 482, 484 (4th Cir. 2010) (citing *Griggs*, 459 U.S. at 58); *see also United States v. Rodgers*, 101 F.3d 247, 251-52 (2d Cir. 1996); *Ruby v. Secretary of United States Navy*, 365 F.2d 385, 389 (9th Cir. 1966); *Woods v. Attorney General of Maryland*, Civil Action No. WDQ-12-1260, 2012 WL 6042834, at *2 (D. Md. Dec. 3, 2012) (ruling on the petitioner's habeas corpus petition even though petitioner had appealed court's earlier denial of motion to recuse because an "order denying recusal is not an appealable interlocutory or collateral order").

Here, Defendant's notices of appeal directed to the Fourth Circuit [DE-31; DE-34] indicate that is appealing the M&R [DE-20] and a decision of this court "entered in this action on the 27th day of January, 2014." *See* Notice of Appeal [DE-34]. He also asserts he is appealing "all Orders, Memorandums [sic] and Opinions. In re 5:14-CV-0003-F." *See* Notice of Appeal [DE-35].

There is no order in the record of this action which was entered on January 27, 2014; therefore, the notice of appeal at Docket Entry 34 is a nullity. The M&R, the subject of the notice at Docket Entry 31, is of course not a "final decision." *See* 28 U.S.C. § 1291. Nor is any other order preceding the instant one. Nor do any of these orders constitute an "appealable interlocutory or

3

collateral order." *See United States v. Parker*, 428 F. App'x 260 (4th Cir. 2011) (per curiam) (explaining that an appeal from a district court order denying a motion to recuse or disqualify was not an "appealable" order); *see also* 28 U.S.C. § 1292. Accordingly, because Defendant has taken an appeal from either non-existent or unappealable orders, this court is not divested of jurisdiction over this action. *Jones*, 267 F. App'x at 484.

## III. DISCUSSION

A district court may "designate a magistrate judge to submit . . . proposed findings of fact and recommendations for the disposition of a variety of motions." 28 U.S.C. § 636(b)(1)(B). The court then must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

The court has reviewed the M&R and the record in this case, including (but not limited to) each of the documents filed by Defendant in response to the M&R. There is no federal question presented in this action; therefore, the only proper basis for jurisdiction in this court would be diversity jurisdiction. Even if the court assumes that the amount in controversy requirement is satisfied, the court nevertheless agrees with Judge Gates that the application of the domestic relations exception is appropriate. The action Defendant seeks to remove concerns whether Defendant should be ordered to pay child support, a matter over which this court does not have authority to rule. *See Cole v. Cole*, 633 F.2d 1083, 1088 (4th Cir. 1980) (explaining that the types of actions that "fall directly into the specialized category of true domestic relations cases" include "divorce, alimony, child custody and support"). Nothing in the voluminous filings by Defendant changes this analysis.

4

Indeed, only two of Defendant's filings, the motions filed pursuant to Rules 58 and 59 [DE-28; DE-29] address the domestic relations exception. The main case he relies on therein, *Lloyd v. Loeffler*, 694 F.2d 489 (7th Cir. 1982), is easily distinguishable from the record here. In *Lloyd*, the Seventh Circuit Court of Appeals determined that the domestic relations exception did not apply to an action for tortious interference with custody of a child. *Id.* at 490. Here, however, Defendant seeks to remove a case which, at bottom, concerns a determination of child support. Consequently, the court finds that it does not have subject matter jurisdiction over this action.

Accordingly, after a *de novo* review, the court finds that this court has no original jurisdiction over this action as required by the removal statute, 28 U.S.C. § 1441(a). Remand of this action is therefore appropriate pursuant to 28 U.S.C. § 1447(c).

## IV. CONCLUSION

For the foregoing reasons, the court accepts the M&R [DE-20]. Because this court does not have original jurisdiction over this action, the court ORDERS that the action be remanded to the Wake County District Court. All other pending motions are DENIED as moot.

SO ORDERED

This the 3 day of March, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

5